

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. R. Johnston
County Attorney
Reagan County
Big Lake, Texas

Dear Sir:

Opinion Number O-5865
Re: May Reagan County Road Bonds,
issued pursuant to Section 52
of Article 3 of the Constitu-
tion and Chapter 16 of Acts of
39th Legislature, First Called
Session, 1926, be called for
redemption?

We acknowledge receipt of your letter of recent date
which is as follows:

"The Honorable J. Wiley Taylor, Judge of the
County Court and presiding member of the Commis-
sioners' Court of Reagan County, requests an
opinion on the following:

## STATEMENT OF FACTS

"Reagan County has outstanding $80,000 Road
Bonds, being the balance of an issue of $275,000
of date January 1, 1931, issued under Section 52
of Article 3 of the Constitution of Texas, and
Chapter 16 of the General Laws passed by the Thirty-
ninth Legislature, at its first called session in
1926.

Honorable T. R. Johnston, page #2

"Can these bonds be called for redemption
by the Commissioners' Court now?

## OPINION

"It is my opinion that these bonds can be
called for redemption.

"Article 720, Revised Civil Statutes of Texas,
1925, provides that 'All bonds issued under this
chapter * * *, * * * may be redeemable at the
pleasure of the county at any time after five years
after the issuance of the bonds, or after any period
not exceeding ten years, which may be fixed by the
commissioners' court.'

"Section 11 of Chapter 16 of said General Laws
passed by the Thirty-ninth Legislature at its first
called session in 1926, and Article 7521 of Revised
Civil Statutes of Texas, provide: 'Such bonds shall
mature not later than thirty years from their date,
except as herein otherwise provided; * * * The
General Laws relative to county bonds, not in con-
flict with the provisions of this act, shall apply
to the issuance, approval and certification, the
registration, the sale and payment of the bonds
provided for in this Act.'

"The Supreme Court of Texas in Cause No. 8116,
Cochran County, Petitioner, v. Gerald C. Mann, At-
torney General of Texas, Et Al, Respondents, held
that County Courthouse Bonds were redeemable at
the pleasure of the County at any time after five
years from the date of their issuance, and the
opinion quotes Dallas County v. Lockhart, State
Treasurer, 128 Tex. 50, 96 S. W. (2d) 60, in con-
nection with its holding that 'The bonds are re-
deemable, in all events, at not exceeding ten
years from the date of their issuance. The Dallas

County v. Lockhart, State Treasurer, 128 Tex. 50, 96 S. W. (2d) 60, involved Dallas County Road Bonds.

"No provision was made fixing the date after which the Reagan County Road Bonds could be redeemed, and it is my opinion that they are redeemable, perforce the statute, at any time after five years after the date of their issuance; and since the Reagan County Road Bonds were issued January 1, 1931, and since more than five years, in fact, more than ten years, have elapsed since the date of their issuance, and since no provision was incorporated in the bonds extending the time of payment beyond five years, the bonds are now subject to redemption at any time at the will of the Commissioners Court.

"I would appreciate as early an opinion as possible for Reagan County through its Commissioners Court has already passed the proper orders and instituted the proper proceedings to redeem and pay off with its sinking fund the Reagan County Courthouse Bonds pursuant to the Supreme Court holding in the Cochran County case, and wishes to also now redeem and pay off with its sinking fund the outstanding Reagan County Road Bonds, and your opinion as to whether the Reagan County Road Bonds are subject to redemption under the law is urgent."

Replying to the above, we enclose Opinion Number O-5493, in which we adopted the language of the Supreme Court wherein it confined its opinion to bonds issued under Chapter 1, Title 18, Revised Statutes 1911, pursuant to which chapter the Cochran County Courthouse Bonds were issued. The Reagan County Road Bonds were not issued pursuant to that chapter, and, of course, we can not determine what effect the Supreme Court would give said opinion in construing the language quoted by you from Section 11, Laws passed by the Thirty-ninth Legislature, First Called Session. The bonds involved in the case of Dallas County v. Lockhart, State Treasurer, 96 S. W. (2d) 60, contained an option

Honorable T. R. Johnston, page #4

of redemption on the face of the bonds, and by their terms were optional when called for redemption. The Reagan County Road Bonds do not contain such feature. In our opinion the decision of the Supreme Court, in Cause No. 8116, Cochran County vs. Mann, Attorney General, et al., Respondents, is confined to bonds issued under Chapter 1, Title 18, Revised Statutes 1911. (Now Chapter 2, Title 22, R. S. 1925.)

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *C. F. Gibson*

C. F. Gibson
Assistant

CFO-s

Encl.

*of*

*C. C. R*



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN